### G. & S. HEILBRONER v. J. M. HANCOCK.

1. The *allegata* and the *probata* must correspond. A plaintiff should not be allowed to set up one cause of action and prove a different one. No proof should be heard which does not correspond with the allegations in the pleadings.

2. The defendants contracted with the plaintiff that the latter should proceed to the town of M., with his wagons and teams, and should thence transport, at a stipulated rate per hundred pounds, to the town of S., certain goods and merchandise, for which they furnished him an order to their forwarding merchant. The plaintiff proceeded to M. with his wagons

and teams, but the shipping merchant furnished him no goods for the defendants, and informed him that the defendants had no goods there, but offered him other goods for transportation at current rates to intermediate points between M. and S. Plaintiff refused to receive other freight than the goods he had contracted with defendants to haul, and after returning empty brought this suit against defendants, claiming judgment for the amount of freight money his wagons could have earned at the stipulated rate, if the goods had been furnished. *Held*, that the suit was not properly brought; the plaintiff's remedy was not the present suit for enforcement of the contract, but an action for breach of the contract and for the damages consequent thereto by reason of the failure to furnish the freight; and that under such circumstances, by analogy to the maritime law of affreightment, the plaintiff was bound to accept the freight offered him for intermediate points, and to abate *pro tanto* his demands against the defendants; and it is immaterial in this respect whether he is or is not a common carrier.

APPEAL from Grayson. Tried below before the Hon. C. C. Binkley.

The facts are sufficiently stated in the opinion of the court. The rulings here made comprise the principles which the refused charges, asked by the defendants, proposed for submission to the jury.

*Joseph Bledsoe*, for the appellants.—I. The first error assigned in the motion of a new trial in the court below is: "The court erred in the instructions given to the jury." This and the third may be treated together. The court in giving the instructions, and in overruling the defendants' demurrer to the plaintiff's original and amended petition, was governed by the same conclusions in reference to the law applicable to this case; viz., that the measure of damages was the contract price to be paid, in case the goods were not at Millican, as stated in the order from the Heilbroners to Hancock; that Hancock simply by going to Millican, and not finding the goods there, was necessarily damaged to the amount of the contract price. This is the view taken by the pleadings and the instructions given by the district judge.

The action in this case should have been brought for a breach of the contract, and for damages for the natural and proximate consequences of the act complained of; and not upon the contract itself, as was done in this case, unless the same had been fully performed; and the party against whom the breach of the contract is made, is only entitled to a just recompense for the actual injury sustained. (2 Greenleaf, § 261; Meade v. Rutledge, 11 Texas Reports, 44; Chamberlin v. McAllister & Sanders, 6 Dana 352; Jewell v. Blanford, 7 Dana, 272; Hilliard v. Crabtree, 4 Texas Reports, 264.)

II. The plaintiff below by his pleadings was not entitled to recover; as the real cause of action, if any he had, is not disclosed; and under our system of jurisprudence above all others, the plaintiff must state the facts in his petition upon which he relies to recover; and no evidence can be received in this case of any special damage, as none has been alleged; but the suit was upon the contract itself, and not for a breach of it, as it should have been if the plaintiff could have recovered at all. (Mims v. Mitchell, 1 Texas Reports, 443; 2 Ib. 206.) I therefore respectfully submit to the consideration of the court, that the court below erred in overruling the exceptions to the plaintiff's original and amended petitions, and in the instructions given to the jury.

III. It seems by the testimony of both the Haswells, that Hancock refused to take other freight to be carried to intermediate points between Sherman and Millican, but chose rather to come home empty, (at least there is no positive proof that he hauled any other goods, though George Haswell in his testimony seems to think he did,) with a view of charging the Heilbroners as though the goods had been brought for them. He refused to take other freight, as he should have done, and given the Heilbroners the credit. It was his duty to have saved them of the damage incurred, when he could have done so. (2 Greenleaf, § 261; Miller v. the Mariners' Church, 7 Greenleaf, 57.) The refusing to give

the instructions asked by the defendants in the court below, caused the jury to render an excessive verdict, even if under the proof in the case the plaintiff ought to have recovered at all. The proof shows that Hancock could have received loading for Lancaster or Kaufman at the ruling rates, and that he refused to do so ; and if he was entitled to any damage as dead freight, he certainly, under the circumstances in this case, ought only to have had the amount in which he was actually injured, after allowing the Heilbroners the credit to which they would have been entitled had he taken the freight offered him at Millican. He was offered freight to Kaufman at three dollars per hundred, and to Lancaster at two dollars and seventy cents, which points were not out of his way in coming to Sherman. (See deposition of G. T. Haswell.) Had Hancock done his duty and taken the freight offered, then if the view of the law taken by the district judge in the instructions given was correct, the plaintiff below could only have recovered the difference between three dollars and sixty cents the contract price, and two dollars and seventy cents to Lancaster, or three dollars to Kaufman ; and in the latter case he would only have been entitled to sixty cents on the hundred pounds. This contract between the parties not being one which could be performed by a single act, the rule laid down in the cases and authorities above cited should govern ; and even if the prices of the freight offered, were not so much as the original contract, yet the plaintiff ought to have taken it. (Shannon v. Comstock, 21 Wend., 457 ; also Jackson v. McCrea, 24 Ib., 304 ; also Tyler v. Read, 4 Paige, 571.)

WALKER, J.—This was an action commenced on the fourth day of July, 1867, on a contract previously made between the parties for the hauling of goods from the town of Millican to the town of Sherman, in the State of Texas ; by which contract it appears to have been stipulated that Hancock, the appellee, should proceed from

Sherman to Millican with three teams capable of hauling in the aggregate about 7000 pounds. The distance from Sherman to Millican is proven to be about two hundred and sixty miles, and the price to be paid for hauling was three dollars and sixty cents, specie, per hundred pounds.

The appellee proceeded with his teams to Millican, with an order from the appellant to his shipping merchant, which reads as follows: "Messrs. Haswell & Son—You will please load P. Hancock's three mule teams at three dollars and sixty cents per hundred pounds. In case the large case should be at your house, you will please load it on his wagons, and then let him pick the heaviest freight.

"G. & S. HEILBRONER.

"If all our goods are loaded, you will please load Mr. Hancock's wagons with Messrs. Hall & Chapman's goods.

"HEILBRONER."

On arriving at Millican, it appears there were no goods in the hands of Haswell & Son, either for G. & S. Heilbroner or Hall & Chapman.

Haswell & Son, the shipping merchants, offered to furnish Hancock with other freight to be delivered at intermediate points, to Lancaster at two dollars and seventy cents, currency, per hundred pounds, and to Kaufman county at three dollars per hundred pounds, currency.

It is claimed that Hancock did not proceed so directly to Millican as he was bound to do by the terms of his contract; but it does not appear that the delay was unreasonable; nor is it claimed that the goods were not received because of it.

Hancock declined loading any other goods than those for which his order called, and brought his suit to recover the whole amount which he could have earned under his contract. The defendants below demurred to the plaintiff's original and amended petition, which demurrer was overruled by the court, and we think there

was error in this ruling. The action should have been brought for breach of the contract, and for the damages consequent to the breach, and not upon the contract to enforce specific performance. The *allegata* and *probata* must correspond. A plaintiff should not be allowed to set out one cause of action and prove another. No proof should be heard which does not correspond with the averments in the pleadings. (See Mims v. Mitchell, 1 Texas Reps., 443, and Carter *et al.* v. Wallace, 2 Texas Reps., 206.) We think there was error in refusing the first, second and third charges asked by the defendant below. It was undoubtedly the duty of Hancock to have taken any other freights which were offered him to haul between the intermediate points of Millican and Sherman, and to have credited the appellants with whatever he might have received for hauling such freight; and whether he was or was not, in contemplation of law, a common carrier, makes no kind of difference. Carrying freight was in the line of his business, and he owed it in good faith to the appellants to make what he could out of the trip within the line of his business, and without extraordinary trouble. (See 2 Greenleaf's Evidence, $ 261 and the following note, and numerous authorities therein cited.)

This case comes clearly within the principle cited, that where a merchant engages to furnish a given quantity of freight for a ship, for a particular voyage, and fails to do so, he must pay dead freight to the amount so agreed by him, deducting whatever may have been received from other persons for freight taken in lieu of that which the merchant had stipulated to furnish. (See Abbott on Ship., 4 Am. Ed., 277, 278 and 442.) Under this rule it would be held bad faith in the master of the vessel if, being disappointed in the freight he expected to ship, he should refuse to take in other cargo for the port to which he expected to sail, or intermediate ports, and thus endeavor to throw the whole loss of the disappointment on the merchant.

For the reasons above given, the judgment of the district court

is reversed and the cause remanded to be proceeded in in accordance with this opinion.

Reversed and remanded.